**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| GREG A.GLANZ, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | |
| CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY OF AMERICA, INC.; L.G. ELECTRONICS, INC.; LG PHILIPS DISPLAY USA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; PANASONIC CORPORATION OF NORTH AMERICA; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG ELECTRONICS CO.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO. LTD. f/k/a SAMSUNG DISPLAY DEVICE CO.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; MT PICTURE DISPLAY COMPANY; MT PICTURE DISPLAY CORPORATION OF AMERICA (New York); MT PICTURE DISPLAY CORPORATION OF AMERICA (Ohio) and LP DISPLAYS, | **CLASS-ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Greg A. Glanz, individually and on behalf of the Class described below, brings this action against Defendants for violation of South Carolina's antitrust laws and for unjust enrichment and alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this lawsuit as a class action on behalf of individuals and entities who purchased indirectly cathode-ray tubes ("CRTs") and products containing CRTs (jointly, "CRT Products") in the South Carolina from Defendants during the period from at least May 1,1998 through the present (the "Class Period").  CRTs are used in a number of products, including but not limited to, computer monitors and televisions.  As used herein, "CRT Products" refers to CRTs and products containing CRTs manufactured by any of the Defendants or their subsidiaries or affiliates.

2.      During the Class Period, Defendants' collusive behavior artificially inflated the price of CRT Products.  In particular, Defendants participated in cartel behavior and colluded to fix the prices of CRT Products.

3.      Throughout the Class Period, Defendants' conspiracy was intended to, and did, moderate the downward price pressures on CRT Products caused by the market entry and rapid penetration of more technologically advanced competitive products.  As explained in further detail below, liquid crystal displays ("LCD") and plasma display panels ("PDP") were used in the same primary applications as CRTs and presented significant advantages over CRT Products.  LCD, PDP and products containing LCD or PDP will collectively be referred to as flat panel display products ("FPD Products").  Many of the Defendants, in addition to manufacturing, distributing and selling CRT Products, were also manufacturers, distributors, and sellers of FPD Products.  Defendants who participated in both the market for CRT Products and the market for FPD Products will be specifically identified below.

2

4.    Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other members of the Class paid artificially inflated prices for CRT Products. Plaintiff and other members of the Class who purchased these products have therefore been damaged by Defendants' illegal actions.

## JURISDICTION AND VENUE

5.    This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C. §1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2) and (6). This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendants is a citizen or subject of a foreign state." The Court also has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually conduct business here and throughout the U.S., including marketing, advertising, and sales directed to residents of this District.

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because Defendants as corporations are "deemed to reside in any judicial district in which [they are] subject to personal jurisdiction."

## PARTIES

7.    Plaintiff Greg A. Glanz is a South Carolina resident who indirectly

purchased Defendants' CRT Products for end use during the Class Period.

8.      Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a Taiwanese company with its principal place of business at 1127 Heping Road, Bade City, Taoyuan, Taiwan. It is a partially owned subsidiary of Tatung Company, a consolidated consumer electronics and information technology company based in Taiwan. Chunghwa's Board of Directors includes representatives from Tatung Company. The Chairman of Chunghwa, Weishan Lin, is also the Chairman and General Manager of Tatung Company. During the Class Period, Chunghwa manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in South Carolina. Chunghwa also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

9.      Defendant Tatung Company of America, Inc. is a California corporation with its principal place of business at 2850 El Presidio Street, Long Beach, California. Tatung Company of America, Inc. is a wholly-owned and controlled subsidiary of Tatung Company. During the Class Period, Tatung Company of America, Inc. manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in South Carolina. Tatung Company of America, Inc. also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

10.     Defendant LG Electronics, Inc. ("LGE") is a manufacturer of CRT Products with its global headquarters located at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721. During the Class Period, LGE manufactured, sold and distributed CRT Products to customers throughout the U.S., including in South Carolina. LGE also manufactured, distributed and sold FPD Products in the U.S.,

including in South Carolina, during the Class Period.

11.    Defendant Matsushita Electric Industrial Co., Ltd ("Matsushita") is a Japanese company and has its global headquarters at 1006 Kadoma, Osaka 571-8501, Japan.  Matsushita is the parent company of Panasonic Corporation of North America, JVC Company of America, and Victor Company of Japan, Ltd.  During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the U.S.  Matsushita also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

12.    Defendant Panasonic Corporation of North America ("Panasonic") is a subsidiary of Defendant Matsushita and oversees its North American business operations, including sales. Defendant Panasonic has its global headquarters at 1 Panasonic Way, Secaucus, New Jersey, 07094.  During the Class Period, Panasonic manufactured, sold and distributed CRT products to customers throughout the U.S., including in South Carolina.  A substantial portion of the CRTs produced by MT Picture Displays Co., Matsushita's subsidiary, went to Panasonic for Panasonic's production of CRT Products. Panasonic also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

13.    Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") has its global headquarters at Breitner Center Amstelplein 2, Amsterdam 1096 BC, Netherlands. During the Class Period, Koninklijke manufactured, sold and distributed CRT Products to customers throughout the U.S., including in South Carolina.  Koninklijke also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

14.     Defendant Philips Electronics North America Corporation ("Philips Electronics NA"), is a manufacturer of CRT Products.  Defendant Philips Electronics NA has its global headquarters at 1251 Avenue of the Americas, New York, New York 10020.  During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the U.S., including in South Carolina. Philips Electronics NA also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

15.     Defendant LG Philips Display USA, Inc. ("LGPD"), is a manufacturer of CRT Products and is a subsidiary of Philips Electronics NA.  Defendant LG Philips Display USA, Inc. has its global headquarters at 300 W Morgan Rd, Ann Arbor, MI 48108-9108, U.S.  During the Class Period, LGPD manufactured, sold and distributed CRT Products to customers throughout the U.S., including in South Carolina,

16.     Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean company with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Korea. It is the world's largest producer of CRT Products.  During the Class Period, Samsung Electronics manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in South Carolina. Samsung Electronics also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

17.     Defendant Samsung SDI Co., Ltd. ("Samsung SDI") formerly known as Samsung Display Device Co., has its global headquarters at Samsung Life Insurance Bldg 150, Seoul 100-716, Korea.  During the Class Period, Samsung SDI manufactured, sold

and distributed CRT Products to customers throughout the U.S., including in South Carolina.  Samsung SDI also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

18.    Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey.  Samsung America is a wholly-owned and controlled subsidiary of Defendant Samsung Electronics Company, Ltd.  During the class Period, Samsung America sold and distributed CRT Products manufactured by Samsung Electronics Company, Ltd. to customers throughout the U.S., including in South Carolina. Samsung America also sold and distributed FPD Products in the U.S., including in South Carolina, during the Class Period.

19.    Defendants Samsung Electronics Company, Ltd., Samsung SDI Co., Ltd., and Samsung America are referred to collectively herein as "Samsung."

20.    Defendant Toshiba Corporation is a Japanese company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.  During the Class Period, Toshiba Corporation manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in South Carolina.  Toshiba Corporation also manufactured, distributed and sold FPD Products in the U.S., including in South Carolina, during the Class Period.

21.    Defendant Toshiba America Electronics Components, Inc. is a California corporation with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California. Toshiba America Electronics Components, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant

Toshiba Corporation.  During the Class Period, Toshiba America Electronics Components, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in South Carolina.  Toshiba America Electronic Components also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in South Carolina, during the Class Period.

22.     Defendant Toshiba America Information Systems, Inc. is a California corporation with its principal place of business at 9470 Irvine Blvd., Irvine, California. Toshiba America Information Systems, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Information Systems, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in South Carolina.  Toshiba America Information Systems also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in South Carolina, during the Class Period.

23.     Defendants Toshiba Corporation, Toshiba America Electronics Components, Inc., and Toshiba America Information Systems, Inc. are referred to collectively herein as "Toshiba."

24.     Defendant MT Picture Display Company is a wholly-owned and controlled subsidiary of Defendant Matsushita organized under the laws of Japan with its principal place of business located at Rivage Shinagawa, 1-8, Konan 4-chome, Minato-ku, Tokyo 108-0075, Japan.  Prior to April 2007, MT Picture Display Company was a joint venture between Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation named Matsushita Toshiba Picture Display Co. Ltd.  This joint venture was created in

2003 and integrated the CRTs operations of its parents. During the Class Period, both MT Picture Display and its predecessor Matsushita Toshiba Picture Display Co. Ltd. sold and distributed CRT Products to customers throughout the U.S., including in South Carolina.

25.     Defendants MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) were subsidiaries of MT Picture Display Company. Both subsidiaries were incorporated in Maryland and with their principal place of business located at 300 East Lombard Street, Baltimore, MD 21202. During the Class Period, MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) sold and distributed CRT Products to customers throughout the U.S., including in South Carolina.

26.     Defendant LP Displays (formerly known as LG Philips Display), a joint venture between LG Electronics and Koninklijke Philips Electronics, is organized under the laws of Hong Kong with its principal place of business located at Corporate Communications, 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong. During the Class Period, LP Displays sold and distributed CRT Products to customers throughout the U.S., including in South Carolina.

27.     Defendants committed the acts alleged in this complaint through their officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of each defendant's business or affairs.

28.     Defendants' unlawful and intentional concerted actions have severely damaged and will continue to damage Plaintiff and the members of the classes they seek

to represent.

## CO-CONSPIRATORS AND AGENCY

29.     Defendants, along with certain other persons, firms, corporations and entities, are co-conspirators in the violations and conspiracies alleged in this Complaint. These co-conspirators have performed acts and made statements in furtherance of the antitrust violation and conspiracies alleged herein.

30.     At all relevant times, each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants.  Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes and transactions that are the subject of this Complaint.  Defendants participated as numbers of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.

31.     At all times, each Defendant was the agent of the other Defendants and in committing the violations and conspiracies alleged in this Complaint was acting within the course and scope of that agency and with the permission and consent of the principals.

## CLASS-ACTION ALLEGATIONS

32.     Plaintiff brings this action both on behalf of himself and on behalf of the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All people and business entities in South Carolina that indirectly purchased CRT Products manufactured, sold, or distributed by Defendants, other than for resale, from May 1, 1990 to present.
>
> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any judicial officers presiding over this action.

33.     Plaintiff has met the requirements of Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Plaintiff does not know the exact size class, since this information is in Defendants' exclusive control.  But based on the nature of the trade and commerce involved, Plaintiff believes that the class numbers in the millions and that the class members are geographically dispersed throughout South Carolina.  Therefore, joinder of all class members would be impracticable, and class treatment is the superior method for fairly and efficiently adjudicating this controversy.

35.     Plaintiff's claims are typical of other class members' claims because Plaintiff was injured through the uniform misrepresentations and omissions described and paid supra-competitive prices for CRT Products without having been informed that he was paying illegal and improper prices.  Accordingly, by proving his own claim, Plaintiff will presumptively prove the class members' claims.

36.     Common legal and factual questions exist, such as:

a.      Whether Defendants conspired to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in South Carolina;

b.      Whether Defendants conspired to manipulate and allocate the market for CRT Products marketed, distributed, and sold in South Carolina;

c.      The existence and duration of Defendants' horizontal agreements to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in South Carolina;

d.      The existence and duration of Defendants' horizontal agreements to manipulate and allocate the market for CRT Products marketed, distributed, and sold in South Carolina;

e.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in South Carolina;

f.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to allocate the market for CRT Products marketed, distributed, and sold in South Carolina;

g.    Whether Defendants' conspiracy was implemented;

h.    Whether Defendants took steps to conceal their conspiracy from Plaintiff and the class members;

i.    Whether Defendants' conduct caused injury in fact to the business or property of Plaintiff and the class members, and if so, the appropriate classwide measure of damages;

j.    Whether the agents, officers or employees of Defendants and their co-conspirators participated in telephone calls, meetings, and other communications in furtherance of their conspiracy; and

k.    Whether the purpose and effect of the acts and omissions alleged was to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in South Carolina, and to manipulate and allocate the market for CRT Products marketed, distributed, and sold in South Carolina.

37.    Plaintiff can and will fairly and adequately represent and protect the class members' interests and has no interests that conflict with or are antagonistic to the class members' interests.  Plaintiff's attorneys are experienced and competent in complex-class- action and consumer-antitrust litigation.

38.    Class certification of the proposed class is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted given that:

a.    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise among or within the respective, alternative classes and, consequently, enormous

economies to the court and parties exist in litigating the common issues on a classwide basis or, alternatively, bases, instead of on a repetitive individual basis or, alternatively, bases;

b.      Each individual class member's damage claim is too small to make individual litigation an economically viable alternative, and few class members have any interest in individually controlling the prosecution of separate actions;

c.      Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members; and

d.      Despite the relatively small size of each individual class member's claim, the aggregate volume of their claims, whether considered in one class, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation, and no unusual difficulties are likely to be encountered in this class action's management in that all legal and factual questions are common to the class or, alternatively, classes.

39.     Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual class members, which may as a practical matter, dispose of other class members' interests who aren't parties to the adjudication or which may substantially impair or impede their ability to protect their interests. Separate actions prosecuted by individual class members would also create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

40.     Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the class' members.

41.    Plaintiff's claims are typical of the associated class members' claims because Defendants injured Plaintiff and the class members in the same manner (i.e., Plaintiff and the class members were forced to pay supra-competitive prices for CRT Products).

## TRADE AND COMMERCE

42.    During the Class Period, each Defendant, or one or more of its subsidiaries, sold CRT Products in the U.S., including into South Carolina, in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through and into this judicial district.

43.    The business activities of the Defendants substantially affected interstate trade and commerce in the U.S., including South Carolina, and caused antitrust injury in the U.S., including in South Carolina.

## FACTUAL ALLEGATIONS

**A.    CRT Technology**

44.    CRT technology has been in use for more than 100 years.  The basic cathode-ray tube consists of three elements:  The envelope, the electron gun, and the phosphor screen.



**Cross-sectional representation of a cathode ray tube**

*Source: DIYcalculator.com, available at www.diycalculator.com/sp-console.shtml.*

45.    CRTs are manufactured in several standard sizes, including 17 inch, 19 inch, 27 inch, and 32 inch.  CRTs manufactured by Defendants are interchangeable with one another.

**B.    Trends within the CRT Products Market and Increased Competition from FPD Products**

46.    The worldwide market for CRT Products is and has been large.  In 1997, the worldwide CRTs market exceeded $24 billion in sales.

47.    At the beginning of the Class Period, CRTs were the dominant display technology worldwide.  For example, in 1997, 99.3% of all computer monitors sold worldwide contained CRTs. In 2005, approximately 47 million CRT monitors were sold worldwide, and approximately 20.3% of these were sold in the U.S.

48.    Although the value of all display materials shipped worldwide is projected to rise at an average annual growth rate of 12.8% by 2010, worldwide demand for CRT Products is declining overall because of the growing popularity of FPD Products which are being used in place of CRT Products.  (<http://www.bccresearch.com/RepTemplate.cfm?reportID=552&RepDet=HLT&cat=smc&target=repdet...11/13/2007>).  CRT Products' share of the market declined precipitously in the U.S. where FPD Products achieved more rapid market penetration.

49.    FPD Products may be used to produce the same image as CRT Products but also have many important advantages over CRT Products.  For example, FPD Products are less bulky, require less energy, are easier to read, and do not flicker.

50.    In 1995, recognizing the increasing significance of FPD technologies, Korean manufacturers Samsung and LG Electronics entered the FPD Product market, leading to a surge in FPD Product manufacturing capacity.

51.    The market share of CRT Products declined as other newer technologies emerged and were brought to market.  As demonstrated in the chart below, by 1998, FPD Products had already achieved 32% of the U.S. market for CRT Products.  Penetration by FPD Products is projected to reach 96% by 2009.  FPD Products' global penetration has not been as dramatic as it was in the U.S. due to the continued popularity of lower-priced CRT Products in China, India, and South America.



*Source: David Hsieh, Flat Panel Display Market Outlook, DisplaySearch Presentation, Nov. 5, 2005.*

52.    CRT TVs currently account for only a minority share of television set revenues in North America (37.3%), Japan (9.5%) and Europe (31.0%). Naranjo, *The Global Television Market*, DisplaySearch Report, p. 19.

53.    During the Class Period, while demand for CRT Products continued to fall in the U.S., Defendants' conspiracy was effective in moderating the normal downward pressures on prices for CRT Products caused by the entry of the new generation of competing technologies. Indeed, during the Class Period, there were not only periods of unnatural and sustained price stability, but there were also inexplicable increases in the prices of CRTs, despite declining demand due to approaching obsolescence of CRTs caused by the emergence of a new, superior, substitutable technology.

54.    These periods of price stability and price increases for CRTs are fundamentally inconsistent with a competitive market for a product where demand is rapidly decreasing because of the introduction of new superior technologies.

**C.    Structure of the CRT Product Industry**

55.    The CRT Product industry is characterized by a number of structural features that facilitate collusion, including market concentration, the consolidation of manufacturers, multiple interrelated business relationships, significant barriers to entry, and interchangeability of products.

56.    Defendant Samsung SDI has the largest market share of any CRT Products manufacturer at this point in time.  In 2000, Defendant Samsung SDI had 18% of the global CRTs market.  In 2002, Samsung SDI had 21.8% of the global market for CRT monitors.  In 2004, Samsung SDI had a 30% share of the global CRTs market.

57.    Defendant LP Displays (formerly LG.Philips Displays) has the second largest share of the CRTs market.  In 2004, LG.Philips Displays held 27% of the global market for CRT.

58.    Defendant MT Picture Display (formerly Matsushita Toshiba Display Co.) is also a major player in the CRTs market.  In 2004, Matsushita Toshiba Picture Display Co. held 9% of the global market for CRTs.

59.    Defendant Chunghwa Picture Tubes held 21.7% of the global CRTs market in 1999.

60.    In 2004, Defendants Samsung SDI, LP Displays, MT Picture Display, and Chunghwa Picture Tubes maintained a collective 78% of the global CRTs market.

61.    The market for CRT Products is subject to high manufacturing and

technological barriers to entry. Efficient fabrication plants are large and costly and require years of research, development and construction. Technological advances have caused Defendants to undertake significant research and development expenses.

62.     The CRT Products market has also been subject to substantial consolidation and multiple interrelated business relationships during the Class Period. Matsushita Electric Industrial Co. Ltd. and Toshiba Corporation combined their efforts by forming Defendant MT Picture Display Company. At the time of the formation of MT Picture Display, Matsushita and Toshiba had been the fourth and sixth largest CRT manufacturers in the world. This joint venture combined the entire CRT operations of both parent companies. MT Picture Display Company specialized in the manufacture of CRTs above 30 inches, supplying some 950,000 units annually to the North American market.

63.     In November 2000, Defendants LG Electronics and Koninklijke Philips Electronics agreed to enter a 50/50 joint venture that merged their CRT operations. The resulting joint venture, originally named LG.Philips Displays, and renamed LP Displays in 2007, entered the market with a 25% share, making it the second largest CRTs manufacturer only behind Samsung SDI at the time.

64.     In 2005, Samsung SDI and LG.Philips Displays entered into an agreement to share parts with respect to CRTs in an effort to boost their combined market share.

65.     Defendants sell their CRT Products through various channels, including to manufacturers of electronic products and devices, and to resellers of CRT Products, and incorporate CRTs into their own manufactured products, which are then sold directly to consumers.

**D.**      **International Antitrust Investigations**

66.      Competition authorities in the U.S., Europe, Japan and South Korea recently engaged in coordinated actions, including raids, targeting the unlawful CRT Products cartel alleged in this Complaint.  On November 9, 2007, the Reuters news agency reported:

> Antitrust authorities in Europe and Asia raided a Matsushita Electric Industrial Co. Ltd. unit and other cathode ray tube markers on suspicion of price fixing, weighing on the share of the Panasonic maker.

> \*          \*          \*

> Matsushita confirmed Japan's Fair Trade Commission (FTC) had begun a probe of its cathode ray tube unit.  MT Picture Display Co. Ltd., while Samsung SDI Co. Ltd. said South Korea's FTC had started an investigation into its CRT business.

www.reuters.com/article/mergersNews/idUSL0890850720071109.

67.      On November 9, 2007, the European Commission confirmed in Brussels that "on November 8 Commission officials carried out unannounced inspections at the premises of manufacturers of cathode ray tubes."  The European Commission's announcement continued stating, "The Commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices."

68.      On November 12, 2007, Chunghwa Picture Tubes, Ltd. confirmed that it had received a subpoena from a California district court relating to CRTs.  A federal grand jury operating under the auspices of the U.S. Department of Justice, Antitrust Division ("DOJ") through its San Francisco office issued the subpoena.

69.    On November 21, 2007, Koninklijke Philips Electronics, N.V. reported that it and its joint venture with LG Electronics, LP Displays, are also targets of the coordinated investigation into collusive practices and other antitrust violations in the CRTs market.

70.    The Defendants include known recidivist antitrust violators.  Samsung, for example, was fined $300 million by the DOJ in October 2005 for participating in a conspiracy to fix prices for Dynamic Random Access Memory.  It is also under investigation by the DOJ (along with some of the other Defendants, including Toshiba) for fixing prices of Static Random Access Memory. Samsung and Toshiba are also being investigated for collusion among manufacturers of NAND flash memory.

71.    Several Defendants, including Samsung and a joint venture between LG Electronics and Koninklijke Philips Electronics, are targets of a coordinated investigation by the DOJ and antitrust authorities in Europe, Japan and South Korea in connection with anticompetitive conduct in the market for LCD Products.  Because LCD Products and CRT Products are used in the same primary applications, collusion with respect to CRT Product prices would bolster these same Defendants' LCD pricing cartel.  Keeping CRTs prices artificially inflated also would serve both to increase profits on remaining CRTs sales while protecting LCD prices.

**FRAUDULENT CONCEALMENT**

72.    Plaintiff and members of the Class did not discover and could not discover through the exercise of reasonable diligence the existence of the conspiracy alleged herein any earlier than November 9, 2007 when it was first publicly reported that manufacturers of CRT Products were under investigation by antitrust authorities in Europe, Japan, and

South Korea for conspiring to fix the prices of CRT Products.

73.    Because Defendants' agreements, understandings, and conspiracies were kept secret until November 9, 2007, Plaintiff and members of the Class before that time were unaware of Defendants' unlawful conduct alleged herein, and they did not know before that time they were paying artificially high prices for CRT Products throughout the U.S., including in South Carolina, during the Class Period.

74.    The affirmative acts of the Defendants alleged herein, including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection.

75.    By its very nature, Defendants' price fixing conspiracy was inherently self-concealing.  The CRT industry is not exempt from antitrust regulation, and thus, before November 9, 2007, Plaintiff reasonably considered it to be a well-regulated competitive industry.

76.    In the context of the circumstances surrounding Defendants' pricing practices, Defendants' acts of concealment were more than sufficient to preclude suspicion by a reasonable person that Defendants' pricing was collusive and conspiratorial.  Accordingly, a reasonable person under the circumstances would not have been alerted to investigate the legitimacy of Defendants' prices before November 9, 2007.

77.    Plaintiff and members of the Class could not have discovered the alleged contract, conspiracy, or combination at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the Defendants and their co-conspirators to avoid detection of, and fraudulently conceal, their contract, combination, or conspiracy.

78.     Because the alleged conspiracy was both self-concealing and affirmatively concealed by Defendants and their co-conspirators, Plaintiff and members of the Class had no knowledge of the alleged conspiracy, or of any facts or information that would have caused a reasonably diligent person to investigate whether a conspiracy existed, until November 9, 2007, when reports of the investigations into price fixing in the CRT industry were first publicly disseminated.

79.     None of the facts or information available to Plaintiff and members of the Class prior to November 9, 2007, if investigated with reasonable diligence, could or would have led to the discovery of the conspiracy alleged herein prior to November 9, 2007.

80.     As a result of the self-concealing nature of the conspiracy and the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**COUNT I**
**VIOLATION OF THE SOUTH CAROLINA ANTITRUST ACT**

81.     Plaintiff incorporates and re-alleges paragraphs 1 – 80.

82.     From May 1, 1998 through present, Defendants engaged in a flagrant contract, combination, or conspiracy in restraint of trade or commerce within South Carolina.  In particular, Defendants conspired to fix CRT Products prices and allocate CRT Products customers and markets.  Defendants' conspiracy lessened full and free competition in CRT Products importation and sale into South Carolina and controlled its costs, which violated S.C. Code Ann. §39-3-10 *et seq.*

83..     Defendants' conspiracy caused them to (a) fix, raise, maintain, and

stabilize CRT Products' prices; (b) allocate CRT Products' customers and markets; and (c) caused Plaintiff and the other South Carolina class members to pay higher prices for CRT Products that they indirectly purchased from Defendants.

84.    In formulating and effectuating their conspiracy, Defendants and their co-conspirators:

a.    Met to discuss CRT Products' customers and markets;

b.    Agreed to charge prices at certain levels and to increase or maintain prices for CRT Products sold in South Carolina;

c.    Issued price announcements, quotations, and charged prices consistent with their illegal agreement; and

d.    Allocated CRT Products' markets and customers consistent with their illegal agreement.

85.    Defendants' conspiracy had the following effects:

a.    CRT Products' price competition was restrained, suppressed, and eliminated throughout the U.S., including in South Carolina;

b.    CRT Products' prices were raised, fixed, maintained, and stabilized at artificially high levels throughout the U.S., including in South Carolina;

c.    Plaintiff and the other South Carolina class members that indirectly purchased CRT Products were deprived of free and open market competition and were injured; and

d.    Plaintiff and the other South Carolina class members paid more than they otherwise would have for CRT Products that they purchased indirectly.

86.    Defendants' conspiracy substantially affected trade or commerce within South Carolina.

87.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the other South Carolina class members were injured by having paid more products

24

containing CRT Products than they otherwise would have absent Defendants' conspiracy.

## COUNT II
## UNJUST ENRICHMENT

88.    Plaintiff repeats and re-alleges paragraphs 1 through 80.

89.    As the result of Defendants' illegal agreement, contract, combination, and conspiracy, Plaintiff and the class members conferred a benefit upon Defendants, and Defendants received, realized and retained this benefit under such circumstances that it would be inequitable and unconscionable to permit Defendants to retain this benefit without paying its reasonable value to Plaintiff and the class members.

90.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the class members suffered injury and seek an order directing Defendants to return to them the amount each of them improperly paid to Defendants, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in the class members' favor and against Defendants, as follows:

A.    That this Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the South Carolina class;

B.    That this Court rule that Defendants' conspiracy violated South Carolina law and that compensatory damages, including treble damages, are appropriate;

C.    That this Court determine that Defendants were unjustly enriched;

D.    That this Court permanently enjoin Defendants from conspiring to fix CRT Products' prices and allocating CRT Products' markets or other injunctive relief as this Court deems appropriate;

E.    That this Court award Plaintiff post-judgment interest, his costs, and reasonable attorneys' fees; and

F.      That this Court order any other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated:  December 31, 2008                    Respectfully submitted,


                                             /s William A. McKinnon

                                             S. Randall Hood (D.S.C. #06103)
                                             William A. McKinnon (D.S.C. #07982)
                                             **McGOWAN HOOD & FELDER, LLC**
                                             1539 Healthcare Drive
                                             Rock Hill SC  29732
                                             Telephone: (803) 327-7800
                                             Facsimile: (803) 328-5656
                                             E-mail:  bmckinnon@mcgowanhood.com

                                             John G. Felder, Jr. (D.S.C. #06441)
                                             **McGOWAN HOOD & FELDER, LLC**
                                             1405 Calhoun St.
                                             Columbia, SC  29201
                                             Telephone:     (803) 779-0100
                                             Facsimile:     (803) 787-0750
                                             E-mail:        jfelder@mcgowanhood.com

                                             *Attorneys for Plaintiff Glanz and the Class*

                                             **Of Counsel**:

                                             Daniel R. Karon
                                             **GOLDMAN SCARLATO & KARON,
                                             P.C.**
                                             55 Public Square, Suite 1500
                                             Cleveland, OH  44113-1998
                                             Telephone:     (216) 622.1851
                                             Facsimile:     (216) 622-1852
                                             E-mail:        karon@gsk-law.com

                                             Krishna B. Narine
                                             **LAW OFFICE OF KRISHNA B.
                                             NARINE**
                                             7839 Montgomery Ave.
                                             Elkins Park, PA 19027
                                             Telephone:     (215) 771-4988

Facsimile:      (215) 782-3241
E-mail:         knarine@kbnlaw.com

Isaac L. Diel
**SHARP McQUEEN**
135 Oak Street
Bonner Springs, KS  66012
Telephone:      (913) 383-8711
Facsimile:      (913) 422-0307
E-mail:         dslawkc@aol.com

Donna F. Solen
**THE MASON LAW FIRM, LLP**
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Telephone:      (202) 640-1162
Facsimile:      (202) 429-2294
E-Mail:         dsolen@masonlawdc.com

CLOSED, JURY

# U.S. District Court
## District of South Carolina (Florence)
## CIVIL DOCKET FOR CASE #: 4:07-cv-04175-TLW-TER

Glanz v. Chunghwa Picture Tubes Ltd et al          Date Filed: 12/31/2007
Assigned to: Honorable Terry L Wooten              Date Terminated: 03/24/2008
Referred to: Magistrate Judge Thomas E Rogers, III  Jury Demand: Plaintiff
Cause: 15:1 Antitrust Litigation                   Nature of Suit: 410 Anti-Trust
                                                   Jurisdiction: Federal Question

### Plaintiff

**Greg A Glanz**                    represented by  **John Gressette Felder, Jr**
*on behalf of himself and all others*              McGowan Hood Felder and Johnson
*similarly situated*                               1405 Calhoun Street
                                                   Columbia, SC 29201
                                                   803-779-0100
                                                   Fax: 803-787-0750
                                                   Email: jfelder@mcgowanhood.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Steven Randall Hood**
                                                   McGowan Hood and Felder
                                                   1539 Healthcare Drive
                                                   Rock Hill, SC 29732
                                                   803-327-7800
                                                   Fax: 803-328-5656
                                                   Email: rhood@mcgowanhood.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **William A McKinnon**
                                                   McGowan Hood and Felder
                                                   1539 Healthcare Drive
                                                   Rock Hill, SC 29732
                                                   803-327-7800
                                                   Fax: 803-328-5656
                                                   Email:
                                                   bmckinnon@mcgowanhood.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Fernando Xavier Starkes**
                                                   Starkes Law Firm

PO Box 1497
Columbia, SC 29202
803-758-2882
Email: xavier@starkeslawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chunghwa Picture Tubes Ltd**

**Defendant**

**Tatung Company of America Inc**

**Defendant**

**LG Electronics Inc**

**Defendant**

**LG Philips Display USA Inc**

**Defendant**

**Matsushita Electric Industrial Co Ltd**

**Defendant**

**Panasonic Corporation of North
America**

**Defendant**

**Koninklijke Philips Electronics NV**

**Defendant**

**Philips Electronics North America
Corporation**

**Defendant**

**Samsung Electronics Co**

**Defendant**

**Samsung Electronics America Inc**

**Defendant**

**Samsung SDI Co Ltd**
*formerly known as*
Samsung Display Device Co

**Defendant**

**Toshiba Corporation**

**Defendant**

**Toshiba America Electronics Components Inc**

represented by **Bernadette Shawan Gillians**
Buist Moore Smythe and McGee
PO Box 999
Charleston, SC 29402
843-720-4621
Email: sgillians@buistmoore.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William C Cleveland**
Buist Moore Smythe and McGee
PO Box 999
Charleston, SC 29402
843-722-3400
Fax: 843-723-7398
Email: wcleveland@buistmoore.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Toshiba America Information Systems Inc**

represented by **Bernadette Shawan Gillians**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William C Cleveland**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mt Picture Display Company**

**Defendant**

**Mt Picture Display Corporation of America-New York**

**Defendant**

**Mt Picture Display Corporation of America-Ohio**

**Defendant**

**LP Displays**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/31/2007 | 1 | COMPLAINT against Samsung Electronics Co, Samsung Electronics America Inc, Samsung SDI Co Ltd, Toshiba Corporation, Toshiba America Electronics Components Inc, Toshiba America Information Systems Inc, Mt Picture |

|  |  | Display Company, Mt Picture Display Corporation of America (New York), Mt Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes Ltd, Tatung Company of America Inc, LG Electronics Inc, LG Philips Display USA Inc, Matsushita Electric Industrial Co Ltd, Panasonic Corporation of North America, Koninklijke Philips Electronics NV, Philips Electronics North America Corporation ( Filing fee $ 350 receipt number 04200000000001307322.), filed by Greg A Glanz.(dsto, ) (Entered: 01/03/2008) |
|---|---|---|
| 12/31/2007 | 3 | Local Rule 26.01 Answers to Interrogatories with jury demand by Greg A Glanz.(dsto, ) (Entered: 01/03/2008) |
| 01/03/2008 | 4 | Summons Issued (Restricted Access) as to Samsung Electronics Co, Samsung Electronics America Inc, Samsung SDI Co Ltd, Toshiba Corporation, Toshiba America Electronics Components Inc, Toshiba America Information Systems Inc, Mt Picture Display Company, Mt Picture Display Corporation of America (New York), Mt Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes Ltd, Tatung Company of America Inc, LG Electronics Inc, LG Philips Display USA Inc, Matsushita Electric Industrial Co Ltd, Panasonic Corporation of North America, Koninklijke Philips Electronics NV, Philips Electronics North America Corporation. (dsto, ) (Entered: 01/03/2008) |
| 01/03/2008 | 5 | ***DOCUMENT MAILED: Two copies each of 4 Summons Issued, placed in U.S. Mail to S. Randall Hood; John G. Felder, Jr.; and William A. McKinnon, Attorneys at Law (dsto, ) (Entered: 01/03/2008) |
| 01/08/2008 | 6 | NOTICE of Appearance by Fernando Xavier Starkes on behalf of Greg A Glanz (Starkes, Fernando) (Entered: 01/08/2008) |
| 01/15/2008 | 7 | Letter to Jeffrey Luthi of the Judicial Panel on Multidistrict Litigation (Attachments: # 1 Certified Copy of Docket Sheet, # 2 Complaint)(prou, ) (Entered: 01/15/2008) |
| 01/18/2008 | 13 | SUMMONS Returned Executed by Greg A Glanz. Toshiba America Information Systems Inc served on 1/11/2008, answer due 1/31/2008. (Attachments: # 1 Exhibit - Certified Letter to Toshiba America Information Systems, Inc.)(McKinnon, William) Modified on 1/23/2008 (swel, ).Modified filing date to that of original filing: 1/18/2008 (Entered: 01/22/2008) |
| 01/18/2008 | 14 | SUMMONS Returned Executed by Greg A Glanz. Toshiba America Electronics Components Inc served on 1/11/2008, answer due 1/31/2008. (Attachments: # 1 Exhibit - Certified Letter to Toshiba America Electronic Components, Inc.)(McKinnon, William) Modified on 1/23/2008 (swel, ).Modified filing date to that of original filing: 1/18/2008 (Entered: 01/22/2008) |
| 01/18/2008 | 15 | SUMMONS Returned Executed by Greg A Glanz. Philips Electronics North America Corporation served on 1/11/2008, answer due 1/31/2008. (Attachments: # 1 Exhibit - Certified Letter to Philips Electronics North America Corporation)(McKinnon, William) Modified on 1/23/2008 (swel, ).Modified filing date to that of original filing: 1/18/2008 (Entered: 01/22/2008) |

| 01/18/2008 | 16 | SUMMONS Returned Executed by Greg A Glanz. Panasonic Corporation of North America served on 1/11/2008, answer due 1/31/2008. (Attachments: # 1 Exhibit - Certified Letter to Panasonic Corporation of North America) (McKinnon, William) Modified on 1/23/2008 (swel, ).Modified filing date to that of original filing: 1/18/2008 (Entered: 01/22/2008) |
|---|---|---|
| 01/22/2008 | 12 | Deficiency Memo Documents # 8 - 11, Certificates of Service See attached Deficiency Memo. Any response due is based on the filing date of the original document. Docket Correction due 1/23/2008. (swel, ) (Entered: 01/22/2008) |
| 01/23/2008 | 17 | ENTRY DELETED re 12 Deficiency Memo Corrected Filing Document Number: Documents # 13 - 16 Modified filing date to that of original filing: 1/18/2008 (swel, ) (Entered: 01/23/2008) |
| 01/25/2008 | 18 | SUMMONS Returned Executed by Greg A Glanz. Samsung Electronics Co served on 1/18/2008, answer due 2/7/2008. (Attachments: # 1 Exhibit - Certified Letter to Defendant Samsung Electronics Company)(McKinnon, William) (Entered: 01/25/2008) |
| 01/25/2008 | 19 | SUMMONS Returned Executed by Greg A Glanz. Tatung Company of America Inc served on 1/18/2008, answer due 2/7/2008. (Attachments: # 1 Exhibit - Certified Letter to Defendant Tatung Company of America, Inc.) (McKinnon, William) (Entered: 01/25/2008) |
| 01/29/2008 | 20 | SUMMONS Returned Executed by Greg A Glanz. Mt Picture Display Corporation of America-New York served on 1/22/2008, answer due 2/11/2008; Mt Picture Display Corporation of America-Ohio served on 1/22/2008, answer due 2/11/2008. (Attachments: # 1 Exhibit - Certified Letter to Defendant MT Picture Display of America)(McKinnon, William) (Entered: 01/29/2008) |
| 01/30/2008 | 21 | MOTION for Extension of Time to File Answer *or Other Response to Complaint by Toshiba America Information Systems, Inc. and* by Toshiba America Electronics Components Inc. Response to Motion due by 2/19/2008 (Attachments: # 1 Affidavit Declaration of Lucius B. Lau, # 2 Exhibit Ex 1 - Stipulation for Extension of Time, # 3 Exhibit Ex 2 Order relating and consolidating cases)Proposed order is being emailed to chambers with copy to opposing counsel(Cleveland, William) (Entered: 01/30/2008) |
| 01/31/2008 | 23 | ORDER REFERRING CASE to Magistrate Judge Magistrate Judge Thomas E Rogers, III FOR FULL PRE TRIAL NON DISPOSITIVE MOTIONS. Signed by Honorable Terry L Wooten on 1/31/2008. Motions referred to Thomas E Rogers, III.(swel, ) (Entered: 01/31/2008) |
| 01/31/2008 | 24 | ORDER granting 21 Motion for Extension of Time to Answer. Signed by Magistrate Judge Thomas E Rogers, III on 1/31/2008.(swel, ) (Entered: 02/01/2008) |
| 02/04/2008 | 26 | Letter from William C Cleveland, attorney for defendants, Toshiba America Information Systems Inc and Toshiba America Electronic Components Inc (filed at direction of chambers) (swel, ) (Entered: 02/05/2008) |
| 03/24/2008 | 30 | CONDITIONAL TRANSFER ORDER transferring case to the Northern |

District of California. Signed by Unassigned - MDL on 3/18/2008. (prou, )
(Entered: 03/24/2008)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/29/2008 11:13:32 | | |
| **PACER Login:** | us4077 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-04175-TLW-TER |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# Buist · Moore · Smythe · McGee · P.A.

RECEIVED
...NCE, SC

January 30, 2008                                    2008 FEB -4 P 4: 12

WILLIAM C. CLEVELAND
ATTORNEY AT LAW
E-Mail: wcleveland@buistmoore.com
DIRECT DIAL: 843-720-4606
FAX: 843-723-7398

The Honorable Judge Terry L. Wooten
U. S. District Court
P. O. Box 2557
Florence, SC  29503

Re:     Greg A. Glanz v. Chunghwa Picture Tubes, LTD., et al.
        Civil Action No 4:07-cv-04175-TLW

Dear Judge Wooten:

I represent the Defendants, Toshiba America Information Systems, Inc. and Toshiba America Electronic Components, Inc., in this class action lawsuit. I am writing at the suggestion of your lawclerk, Mr. Brittain, to advise that the motion I have filed today, a copy of which is attached, seeks an extension of time to respond to the complaint that exceeds the 20 day limitation set forth in Local Rule 12.01. For the reasons stated below and in our motion, I believe this case warrants the application of Local Rule 1.02 so as to allow Defendants a longer time to respond.

This case is one of approximately 29 lawsuits filed in federal courts around the country, each alleging that Defendants are liable for antitrust violations in connection with the sale of cathode ray tube products. A motion is presently pending before the MDL Panel to transfer the cases to a single district for coordinated or consolidated pretrial proceedings. The MDL Panel is scheduled to hear the motion today, January 30, 2008. Plaintiffs' counsel has advised that there is a possibility that they may file consolidated amended complaints. Because of the complexity of the matter and the likelihood that Plaintiffs will be filing an amended complaint, Defendants are requesting that their time to respond be 45 days following either receipt of the amendment, or written notice from plaintiff that no amendment will be forthcoming.

Because our response to the complaint is currently due on or about January 31, 2008, Mr. Brittain advised that bringing this to your attention in this way would be appropriate. Plaintiff's counsel, William Mckinnon, has advised that he does not object to the extension we are seeking.

The Honorable Judge Terry L. Wooten
January 30, 2008
Page 2


Thank you for your consideration of our case.


                                    BUIST MOORE SMYTHE MCGEE P.A.



                                    William C. Cleveland

WCC
Enclosures
cc:     William McKinnon

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 3 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW KINDT, on behalf of himself
and all others similarly situated,

        *Plaintiff,*

       v.

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD.; SAMSUNG SDI CO., LTD.; LP
DISPLAYS INTERNATIONAL, LTD.
(formerly LG PHILIPS DISPLAYS); MT
PICTURE DISPLAY CO., LTD.; TOSHIBA
CORP.; TOSHIBA AMERICA, INC.,

        *Defendants.*

07-cv-10322-GBD

## STIPULATION FOR EXTENSION OF TIME

WHEREAS Plaintiff Andrew Kindt ("Plaintiff") filed a complaint in the above-captioned
case on or about November 13, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers and sellers of Cathode
Ray Tubes ("CRTs");

WHEREAS several complaints have been filed to date in federal district courts
throughout the United States by plaintiffs purporting to bring class actions on behalf of direct
and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of
CRTs and products containing CRTs (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to
transfer the CRT Cases to the Northern District of California for coordinated and consolidated
pretrial proceedings pursuant to 28 U.S.C. § 1407. A response to the motion has been filed, and
the parties anticipate that additional responses will be filed by plaintiffs and various defendants;

**EXHIBIT**

**1**

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Toshiba America, Inc. ("TAI") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for TAI to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to TAI that Plaintiff does not intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAI should agree to an earlier response date in any CRT case, TAI will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by TAI of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

2

PURSUANT TO RULE 6(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE, PLAINTIFF AND DEFENDANT TAI, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1.     The deadline for TAI to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to TAI that Plaintiff does not intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAI should agree to an earlier response date in any CRT case, TAI will respond to the Complaint in the above-captioned action on that earlier date.

2.     This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation.

3.     This Stipulation does not constitute a waiver by TAI, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

* * *

3

Dated:  December 24, 2007

Respectfully submitted,

LOVELL STEWART HALEBIAN LLP

By:  _____

Christopher Lovell (CL-2595)
Craig M. Essenmacher
Imtiaz A. Siddiqui (IS-4090)
Keith Essenmacher
500 Fifth Avenue, Floor 58
New York, New York  10110
(212) 608-1900

*Counsel to Andrew Kindt*

WHITE & CASE LLP

By:  _____

Christopher M. Curran
George L. Paul
Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C.  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Toshiba America, Inc.*

IT IS SO ORDERED:

JAN 0 3 2008

Dated:  1/3/08  _____

_____
Honorable George B. Daniels
United States District Judge

HON. GEORGE B. DANIELS

4

1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| CRAGO, Inc., individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>CHUNGHWA PICTURE TUBES, LTD., CHUNGHWA PICTURE TUBES (Malaysia) Sdn. Bhd., HITACHI, LTD., HITACHI AMERICA, LTD., HITACHI ASIA, LTD., IRICO GROUP CORP., IRICO DISPLAY DEVICES CO., LTD., LG ELECTRONICS, INC., MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., PANASONIC CORPORATION OF NORTH AMERICA, ORION ELECTRIC CO., LTD., ORION AMERICA, INC., KONINKLIJKE PHILIPS ELECTRONICS N.V., PHILIPS ELECTRONICS NORTH AMERICA, SAMSUNG SDI CO., LTD., SAMSUNG SDI AMERICA, INC., SAMTEL COLOR, LTD., THAI CRT COMPANY, LTD., TOSHIBA CORPORATION, BEIJING-MATSUSHITA COLOR CRT COMPANY, LTD., MATSUSHITA TOSHIBA PICTURE DISPLAY CO., LTD., and LP DISPLAYS INTERNATIONAL, LTD.,<br><br>                Defendants. | Case No. 07-5944 SC<br><br>ORDER RELATING AND <u>CONSOLIDATING CASES</u> |

23

24

    The Court has previously issued orders RELATING the following

cases with the above-captioned case:

25    07-6433-SC
      07-5981-SC
26    07-6279-SC
      07-6303-SC
27    07-6331-SC
      07-6225-SC
28    07-6416-SC

EXHIBIT

2

United States District Court

For the Northern District of California

1    In addition, the Court hereby finds that the following cases

2    are also RELATED:

3    08-178-EDL

4    08-309-MMC

5    The Court also finds that all of the above-captioned cases

6    are suitable for CONSOLIDATION for the purposes of discovery and

7    pre-trial hearings.  This consolidation is warranted by common

8    questions of law and fact that pervade these individual matters.

9    Consolidation will facilitate discovery and conserve judicial

10   resources.

11   The consolidated cases will henceforth be referred to as "IN

12   RE: Cathode Ray Tube (CRT) Antitrust Litigation."  All documents

13   are to be filed under case number 07-5944-SC and all future

14   filings are to bear the initials "SC" immediately after the case

15   number.

16   All motions and proceedings now pending in any of these cases

17   is hereby STAYED pending a decision by the Multi District

18   Litigation (MDL) Panel on Plaintiff's Motion for Centralization in

19   case MDL No. 1917.

20

21

22   IT IS SO ORDERED.

23

24   Dated: January 22, 2008

25   _____

26   UNITED STATES DISTRICT JUDGE

27

28                                    2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

GREG A. GLANZ, on behalf of himself
and all others similarly situated,

*Plaintiff,*

v.

CHUNGHWA PICTURE TUBES, LTD.;
TATUNG COMPANY OF AMERICA, INC.;
L.G. ELECTRONICS, INC.; LG PHILIPS
DISPLAY USA, INC.; MATSUSHITA
ELECTRIC INDUSTRIAL CO. LTD.;
PANASONIC CORPORATION OF NORTH
AMERICA; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; SAMSUNG
ELECTRONICS CO.; SAMSUNG
ELECTRONICS AMERICA, INC.;
SAMSUNG SDI CO. LTD. f/k/a SAMSUNG
DISPLAY DEVICE CO.; TOSHIBA
CORPORATION; TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; MT PICTURE DISPLAY
COMPANY; MT PICTURE DISPLAY
CORPORATION OF AMERICA (New York);
MT PICTURE DISPLAY CORPORATION
OF AMERICA (Ohio) and LP DISPLAYS,

*Defendants.*

4:07-cv-04175-TLW

## DECLARATION OF LUCIUS B. LAU

I, Lucius B. Lau, declare as follows:

1.    I am a Counsel with White & Case LLP in Washington, D.C. I am a member of
the Virginia State Bar and the District of Columbia Bar. I make this declaration
based upon my personal knowledge.

2.   To date, approximately 29 actions have been filed in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers of cathode ray tube products ("CRTs"). The plaintiffs in these cases allege antitrust violations by manufacturers, distributors, and sellers of CRTs ("the CRT Cases").

3.   A motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT Cases to a single district court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed and the MDL Panel is hearing the matter on January 30, 2008.

4.   In several other CRT Cases, parties have entered into stipulations granting extensions of time to answer, move, or otherwise respond to complaints. These stipulations have been presented to the court in the respective cases, which then enters the stipulations as orders of the court. Each of these stipulations seeks a similar extension of time. An example is attached as Exhibit 1 to this declaration.

5.   The United States District Court for the Northern District of California (where fourteen CRT Cases are currently pending) has stayed all motions and proceedings in CRT-related cases pending a decision by the MDL Panel. The court's stay order is attached as Exhibit 2 to this declaration.

6.   In this action, defendants Toshiba America Electronic Components, Inc. ("TAEC") and Toshiba America Information Systems, Inc. ("TAIS") are filing a motion for enlargement of time to obtain the same extensions afforded by the stipulations and orders entered in other CRT Cases. Plaintiff Greg A. Glanz ("Plaintiff") has consented to this motion. This relief is sought by motion rather than stipulation in order to comply with Local Civil Rule 12.01 DSC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2008
Washington, D.C.

_____
Lucius B. Lau

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREG A. GLANZ, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY OF AMERICA, INC.; L.G. ELECTRONICS, INC.; LG PHILIPS DISPLAY USA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; PANASONIC CORPORATION OF NORTH AMERICA; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG ELECTRONICS CO.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO. LTD. f/k/a SAMSUNG DISPLAY DEVICE CO.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; MT PICTURE DISPLAY COMPANY; MT PICTURE DISPLAY CORPORATION OF AMERICA (New York); MT PICTURE DISPLAY CORPORATION OF AMERICA (Ohio) and LP DISPLAYS,<br><br>*Defendants.* | 4:07-cv-04175-TLW |

**CONSENT MOTION AND SUPPORTING MEMORANDUM FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, defendants Toshiba

America Electronic Components, Inc. ("TAEC") and Toshiba America Information Systems,

Inc. ("TAIS") respectfully request that the Court enlarge the time in which all defendants may answer or otherwise respond to the complaint in the above-captioned case. The current deadline for TAEC and TAIS to answer or otherwise respond to the complaint is January 31, 2008. This deadline has not previously been enlarged and the requested extension will not affect other deadlines.

To date, approximately 29 actions have been filed in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers of cathode ray tube products ("CRTs"). The plaintiffs in these cases allege antitrust violations by manufacturers, distributors, and sellers of CRTs ("the CRT Cases"). A motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT Cases to a single district court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Responses to the motion have been filed and the MDL Panel is hearing the matter on January 30, 2008. *See generally* Declaration of Lucius B. Lau, dated January 30, 2008 ("Lau Decl."). The United States District Court for the Northern District of California (where fourteen CRT cases are currently pending) has stayed all motions and proceedings in CRT-related cases pending a decision by the MDL Panel. Lau Decl. at Ex. 2. Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases. Plaintiff, TAEC, and TAIS agree that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court.

Accordingly, TAEC and TAIS respectfully request that the deadline to answer, move, or otherwise respond to the complaint be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to TAEC and TAIS that Plaintiff does not

intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAEC or TAIS, or both, should agree to an earlier response date in any CRT case, then that party or those parties will respond to the complaint in the above-captioned action on that earlier date. This extension of time should not constitute a waiver by TAEC or TAIS (or any other defendant who receives this extension) of any defense (including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, or improper venue), with the exception of sufficiency of process and service of process, which are hereby waived.

In order to promote efficiency and conserve the resources of the Court, the Court should grant the same extension of time to all defendants in this action who provide Plaintiff with written notice of their intent to adhere to the enlargement of time granted by the Court. A similar procedure has been implemented by other district courts presiding over the CRT Cases. *See* Lau Decl. at Ex. 1. Such a procedure will obviate the need for the Court to consider and rule upon a series of motions for enlargement of time that would otherwise be filed by the numerous defendants who have been named in this action.

On January 29, 2008, Ambre McLaughlin, counsel to TAEC and TAIS, consulted with William A. McKinnon, counsel to plaintiff Greg A. Glanz ("Plaintiff"), who consents to this motion.

For these reasons, the Court should grant this motion and enlarge the time period in which TAEC, TAIS, and any other defendant who provides written notice to the Plaintiff, may answer or otherwise respond to the complaint filed by the Plaintiff in this action. Alternatively, in the event that the Court is not inclined to grant this request, it should grant defendants a twenty day extension of time to answer or otherwise respond to the complaint.

Dated: January 30, 2008

Respectfully submitted,

Buist Moore Smythe McGee, P.A.

By: *William C. Cleveland*

William C. Cleveland, III (D.S.C. # 0179)
Shawan Gillian (D.S.C. # 10056)
BUIST MOORE SMYTHE MCGEE, P.A.
5 Exchange Street
Charleston, SC 29401
Tel: (843) 722 3400
Fax: (843) 723 7398
E-mail:  wcleveland@buistmoore.com

**WHITE & CASE** LLP
Christopher M. Curran
George L. Paul
Lucius B. Lau
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Tel.: (202) 626-3600
Fax: (202) 639-9355
E-mail:  ccurran@whitecase.com

*Counsel to Toshiba America Electronic*
*Components, Inc. and Toshiba America*
*Information Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2008, I caused to be served a copy of "CONSENT MOTION AND SUPPORTING MEMORANDUM FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT" on the following entities by first-class mail:

William A. McKinnon
Steven Randall Hood
McGowan, Hood and Felder LLC
1539 Healthcare Drive
Rock Hill, SC 29732

*Counsel to Greg A. Glanz*

Chunghwa Picture Tubes, Ltd.
1127 Hopin Rd., Padeh City,
Taoyuan, Taiwan, R.O.C.

Tatung Company of America, Inc.
2850 El Presidio St.
Long Beach, CA 90810

LG Electronics Inc.
LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu,
Seoul, Korea 150-721

LG Philips Display USA, Inc.
c/o LP Displays International Ltd.
6th Floor, ING Tower, 308 Des Voeux Road Central,
Sheung Wan, Hong Kong

Matsushita Electric Industrial Co., Ltd.
1006 Kadoma, Kadoma City, Osaka 571-8501, Japan

Panasonic Corporation of North America
1 Panasonic Way
Secaucus, NJ 07094

Koninklijke Philips Electronics N.V.
Breitner Center
Amstelplein 2
Amsterdam P7 1096 BC

Philips Electronics North America Corporation
1251 Avenue of the Americas
New York, NY 10020

Samsung Electronics Co.
250, 2-ga, Taepyong-ro, Jung-gu
Seoul, 100-742, South Korea

Samsung Electronics America, Inc.
105 Challenger Rd.
Ridgefield Park, NJ 07660

Samsung SDI Co., Ltd. f/k/a Samsung Display Device Co.
15 – 18th Floor
Samsung Life Insurance Bldg. 150 Taepyungro 2-Ga
Jung-Gu, Seoul, South Korea

Toshiba Corporation
1-1, Shibaura 1-Chome, Minato-Ku, Tokyo 105-8001,
Japan

MT Picture Display Co., Ltd.
c/o Matsushita Electric Industrial Co., Ltd.
1006 Kadoma, Kadoma City, Osaka 571-8501, Japan

MT Picture Display Corporation of America (New York)
c/o Matsushita Electric Industrial Co., Ltd.
1006 Kadoma, Kadoma City, Osaka 571-8501, Japan

MT Picture Display Corporation of America (Ohio)
1554 McKaig Ave Ste 1
Troy, OH 45373-4900

LP Displays International Ltd.
6th Floor, Ing Tower
308 Des Voeux Road Central, Sheung Wan
Hong Kong

_____
     Alexander W. Dennis

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

GREG A. GLANZ, on behalf of himself
and all others similarly situated,

*Plaintiff*,

v.

CHUNGHWA PICTURE TUBES, LTD.;
TATUNG COMPANY OF AMERICA, INC.;
L.G. ELECTRONICS, INC.; LG PHILIPS
DISPLAY USA, INC.; MATSUSHITA
ELECTRIC INDUSTRIAL CO. LTD.;
PANASONIC CORPORATION OF NORTH
AMERICA; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; SAMSUNG ELECTRONICS
CO.; SAMSUNG ELECTRONICS AMERICA,
INC.; SAMSUNG SDI CO. LTD. f/k/a
SAMSUNG DISPLAY DEVICE CO.; TOSHIBA
CORPORATION; TOSHIBA AMERICA
ELECTRONIC COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; MT PICTURE DISPLAY
COMPANY; MT PICTURE DISPLAY
CORPORATION OF AMERICA (New York);
MT PICTURE DISPLAY CORPORATION OF
AMERICA (Ohio) and LP DISPLAYS,

*Defendants*.

4:07-cv-04175-TLW

## <u>ORDER</u>

Upon consideration of the Consent Motion And Supporting Memorandum For Enlargement

Of Time To Answer Or Otherwise Respond To The Complaint filed by defendants Toshiba America

Electronic Components, Inc. ("TAEC") and Toshiba America Information Systems, Inc. ("TAIS"),

with the consent of plaintiff Greg A. Glanz ("Plaintiff"), it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the deadline for TAEC and TAIS to answer, move, or otherwise respond to the complaint be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the cathode ray tube cases currently under consideration by the Judicial Panel on Multidistrict Litigation; or (2) forty-five days after Plaintiff provides written notice to TAEC and TAIS that Plaintiff does not intend to file a Consolidated Amended Complaint; provided, however, that in the event that TAEC or TAIS, or both, should agree to an earlier response date in any CRT case, then that party or those parties will respond to the complaint in the above-captioned action on that earlier date; and it is further

ORDERED that this extension is available, without further consent of Plaintiff, to all named defendants in the above-captioned proceeding who notify Plaintiff in writing of their intent to adhere to the enlargement of time granted by this Order; and it is further

ORDERED that this Order does not constitute a waiver by TAEC, TAIS, or any named defendant obtaining this enlargement, of any defense (including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue), with the exception of sufficiency of process and service of process, which are hereby waived.

s/Thomas E. Rogers, III
THOMAS E. ROGERS, III
UNITED STATES MAGISTRATE JUDGE

January 31, 2008
Florence, South Carolina

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Greg Glanz, on behalf of himself and all others similarly situated, | ) ) ) | Case No.:  4:07-cv-4175-TLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **CERTIFICATE OF SERVICE** |
| Chunghwa Picture Tubes, LTD; Tatung Company of America, Inc.; L.G. Electronics, Inc.; LG Philips Dislpay USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Panasonic Corporation of North America; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Samsung Electronics Co.; Samsung Electronics America, Inc.; Samsung SDI Co. Ltd. f/k/a Samsung Display Device Co.; Toshiba Corporation; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.; MT Picture Display Company; MT Picture Display Corporation of America (New York); MT Picture Display Corporation of America (Ohio) and LP Displays, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**NOW COMES** Plaintiffs by and through counsel and pursuant to Rule 4 of

Federal Rules of Civil Procedure and hereby files Certificate of Service of the Summons,

Complaint and Plaintiff's Local Rule 26.01 Interrogatory Responses upon Defendant

Toshiba America Information Systems, Inc.  Said service was perfected by certified

mail/return receipt requested by serving the registered agent for service of process, CT

Corporation System, 75 Beattie Place, Two Shelter Centre, Greenville, South Carolina

29601.  Service was perfected on January 11, 2008 by service on Charles E. McDonald,

Jr., Special Assistant Secretary.

Attached hereto is the certified mail/return receipt letter to CT Corporation

System dated January 10, 2008.

s/William A. McKinnon
S. Randall Hood (D.S.C.:  #06103)
William A. McKinnon (D.S.C.:  #07982)
MCGOWAN, HOOD & FELDER, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Telephone:    (803) 327-7800
Facsimile:    (803) 328-5656
E-mail:    rhood@mcgowanhood.com
            bmckinnon@mcgowanhood.com

John G. Felder, Jr. (D.S.C.:  #06441)
MCGOWAN, HOOD & FELDER, LLC
1405 Calhoun Street
Columbia, South Carolina 29201
Telephone:    (803) 779-0100
Facsimile:    (803) 787-0750
E-mail:    jfelder@mcgowanhood.com

*Attorneys for Plaintiff Glanz and the Class*

Rock Hill, South Carolina

January 18, 2008

# McGOWAN, HOOD & FELDER, LLC

W. JONES ANDREWS, JR.
JOHN G. FELDER, JR.
S. RANDALL HOOD
CHAD A. McGOWAN (SC, GA, NC)
WILLIAM A. McKINNON (SC, DC)
T. TRAVIS MEDLOCK
DANIEL "ERNIE" PEAGLER
ROBERT V. PHILLIPS
KEVIN H. SITNIK
JOSEPH G. WRIGHT, III*
*OF COUNSEL

ROCK HILL • COLUMBIA
ANDERSON

MCGOWANHOOD.COM

1539 HEALTH CARE DRIVE
ROCK HILL, SOUTH CAROLINA
29732

803.327.7800
TOLL FREE 877.327.3800
FAX 803.328.5656

WRITER'S E-MAIL:
BMCKINNON@MCGOWANHOOD.COM

January 10, 2008

***Via Certified Mail/Return Receipt Requested***

CT Corporation System
75 Beattie Place
Two Shelter Centre
Greenville, South Carolina 29601

> Re:    <u>Greg Glanz, on behalf of himself and all others similarly situated v. Toshiba America Information Systems, Inc., et al.</u>
> Case No.: 4:07-cv-4175-TLW

Dear Registered Agent:

Please find enclosed and served upon you as the registered agent for service of process for Defendant **Toshiba America Information Systems, Inc.** the following:

(1)    Civil Coversheet, Summons and Complaint; and
(2)    Plaintiff's Local Rule 26.01 Interrogatory Responses.

Thank you for your time and consideration in this matter.

Sincerely,

s/ William A. McKinnon

William A. McKinnon

WAM/lh
enclosures

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.99 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.79 |

Postmark Here

Sent To CT Corporation System
Street, Apt. No.; or PO Box No. 75 Beattie Place Two Insignie
City, State, ZIP+4 Greenville SC 29601  Finanial Plaza

PS Form 3800, August 2006       See Reverse for Instructions

7006 2760 0004 0404 2240

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CT Corporation System
   75 Beattie Place •
   Two Insignia Financial Plaza
   Greenville, SC 29601

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Charles E. McDonald, Jr.
Special Assistant Secretary
CT Corporation System
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
JAN 11 2008

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)      7006 2760 0004 0404 2240

PS Form **3811**, February 2004       Domestic Return Receipt       102595-02-M-1540



A CERTIFIED TRUE COPY

MAR 1 4 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 7 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

RECEIVED
2008 MAR 24 A 9:33

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL No. 1917

C 07-5944 SC

(SEE ATTACHED SCHEDULE)

**FILED**

MAR 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CONDITIONAL TRANSFER ORDER (CTO-1)

On February 15, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Samuel Conti.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the action previously transferred to the Northern District of California and assigned to Judge Conti.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of February 15, 2008, and, with the consent of that court, assigned to the Honorable Samuel Conti.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date 03/18/08

**IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION**
                                                    MDL No. 1917

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

ARKANSAS WESTERN
  ARW  5  08-5013        Jerry Cook v. Chunghwa Picture Tubes, Ltd., et al.

ARIZONA
  AZ  2  08-55           Brian A. Luscher, et al. v. Chunghwa Picture Tubes, Ltd., et al.

MINNESOTA
  MN  0  07-4889         Wettstein & Sons, Inc., etc. v. Chunghwa Picture Tubes, Ltd., et al.
  MN  0  08-160          Barry Kushner, et al. v. Chunghwa Picture Tubes, Ltd., et al.

NEW JERSEY
  NJ  2  07-5713         Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al.
  NJ  2  08-39           Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.
  NJ  2  08-86           OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.

NEW YORK SOUTHERN
  NYS  1  07-10664       Arch Electronics, Inc. v. LG Electronics, Inc., et al.
  NYS  1  07-10674       Meijer, Inc., et al. v. LG Electronics, Inc., et al.
  NYS  1  07-11203       Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

OHIO NORTHERN
  OHN  1  08-62          Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

SOUTH CAROLINA
  SC  4  07-4175         Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al.

TENNESSEE EASTERN
  TNE  2  08-11          Charles Benson v. Chunghwa Picture Tubes, Ltd., et al.

VERMONT
  VT  2  08-5            Margaret Slagle v. Chunghwa Picture Tubes, Ltd., et al.